Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines, Esq.
Nevada Bar No. 9411
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
(702) 880-5554
(702) 385-5518 (fax)
ghaines@freedomlegalteam.com
*Attorney for Michael Sunder*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Michael Sunder, | Case No.: |
| Plaintiff, | **Complaint for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and related causes of action** |
| v. | |
| Jonathan Neil & Associates, Inc., | |
| Defendant. | **Jury trial demanded** |

## Introduction

1. In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. The

FDCPA is intended to eliminate abusive debt collection practices by debt collectors. The Act ensures that law-abiding debt collectors are not competitively disadvantaged, and protects consumers against debt collection uniformly among the States.

2. Michael Sunder ("Plaintiff"), by counsel, brings this action to challenge the actions of Jonathan Neil & Associates, Inc. ("Defendant"), with regard to Defendant's unlawful attempts to collect debt from Plaintiff, causing harm to Plaintiff.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

### Jurisdiction and Venue

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

8. This action arises out of Defendant's violations of the FDCPA.

9. Defendant is subject to personal jurisdiction in Nevada, as it is registered with the Nevada Secretary of State and conducts business in Nevada, and attempted to collect debt from Plaintiff in Nevada.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this complaint occurred in Nevada.

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

## Parties

11. Plaintiff is a natural person who resides in Clark County, Nevada.
12. Plaintiff is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).
13. Defendant is a company that offers debt collection services.
14. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a debt collector as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

15. Plaintiff is a disabled veteran and works as a massage therapist at a chiropractic office. His wife is a stay at home mother.
16. In or around September 2019 Plaintiff was involved in a car accident for which he is alleged to have become liable for debt to another motorist's insurance company (the "debt").
17. The debt was incurred primarily for personal, family or household purposes and the debt is therefore a debt as that term is defined by 15 U.S.C. §1692a(5).
18. The validity of the alleged debt is immaterial to this action, and Plaintiff currently takes no position as to its validity.
19. Sometime thereafter, Defendant was assigned the right to collect on the debt.

### **Defendant engaged in abusive and harassing collection tactics and made false representations in an attempt to collect debt**

20. In February 2014, Plaintiff received a letter from AAA saying that he was responsible for a debt in connection with the car accident.
21. Plaintiff attempted to make a payment arrangement but was told he would be contacted by a collection agent.

COMPLAINT — 3 —

22. In March 2020, Defendant sent Plaintiff a letter that he must make a payment arrangement or else Defendant will report Plaintiff to the DMV and Plaintiff's driver's license will be suspended.

23. Plaintiff immediately tried to contact Defendant.

24. In May 2020, Defendant again sent a letter to Plaintiff, this time making a settlement offer.

25. Plaintiff tried several times to call Defendant but he received no response or call back.

26. Finally, in early July 2020, Defendant called Plaintiff back.

27. During the call, Defendant never made the proper disclosures required under the FDCPA.

28. An offer was made by Defendant for a payment arrangement of $250 a month.

29. A few days later, Plaintiff called Defendant back.

30. Defendant now agreed to accept $100 a month, given the ongoing coronavirus pandemic.

31. Plaintiff said that his main concern was that his license will not be suspended and wanted to make sure that if he agreed to pay $100 a month that that will satisfy the DMV and so his license will not be suspended.

32. Defendant assured Plaintiff that it will work with Plaintiff to make sure the DMV would be satisfied based on the agreement for a payment arrangement.

33. The parties agreed to the following payment plan: $100 a month until $8,300. Defendant's agent assured Plaintiff that he would put the agreement in his notes so any future employees would see that that was the agreement.

34. However, Defendant said, it was not able to change the form amounts so the amount on the agreement paperwork will be higher.

35. Defendant then sent Plaintiff a contract to sign that he will pay $250 a month until he pays $10,934.74.

36. Defendant, again, assured Plaintiff that so long as he signs that agreement and pays the $100 a month, then "we're good" and Plaintiff will be able to work it out with the DMV and so long as it is accepted by the DMV there will not be an issue.
37. Plaintiff signed the agreement and made his first payment.
38. Plaintiff immediately contacted the DMV with the settlement paperwork.
39. The DMV said it will accept the paperwork and release any suspension process but that Defendant would need to fax the release directly.
40. Plaintiff called Defendant and asked Defendant to fax the release to the DMV.
41. Defendant refused unless Plaintiff agreed to pay more money per month.
42. Defendant now said that the agreement for $100 a month until $8,300 was rejected and that agreement no longer existed.
43. Defendant said that Plaintiff needed to pay $250 a month and that the overall amount was $9,800.
44. Defendant threatened that the file was now being processed for "legal action" against Plaintiff unless he agreed to pay $250 a month since there was no agreement.
45. Having no choice, Plaintiff paid the $250 amount.
46. Plaintiff again called the DMV for guidance. The DMV said that even if not faxed directly from Defendant, it would still accept a copy of the agreement that was notarized from Defendant.
47. Plaintiff called Defendant who said that they have an office policy not to notarize any documents unless Plaintiff paid $8,000. Plaintiff asked to speak to a supervisor. Defendant's agent refused and hung up on Plaintiff.
48. On July 25, 2020, Plaintiff's license and vehicle registration expired because Defendant refused to honor its agreement.

**Plaintiff's damages**

49. Plaintiff has suffered emotional distress and mental anguish as a result of Defendant's actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendant's actions. Plaintiff incurred additional damages associated with Defendant refusing to work with Plaintiff to have the DMV release its suspension notwithstanding the agreement Defendant made with Plaintiff. The vehicle is Plaintiff's and his family's only vehicle. Plaintiff further suffered humiliation and embarrassment when Plaintiff's license and registration were suspended (even though he made arrangements to avoid this) and when Plaintiff needed to seek the help of others, including friends, family, and an attorney, because Plaintiff felt helpless against Defendant.

### Count One
### Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

50. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

51. Defendant's conduct also violated § 1692d in that Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt. Specifically, Defendant's confusing processes, settlement offer that was accepted but later rejected, unfair "office policies," refusal to work with Plaintiff to have the DMV satisfied by either faxing or notarizing the paperwork, and other blatent misrepresentations had the natural consequence to harass, oppress, or abuse a consumer.

52. Defendant's conduct violated § 1692e by using false, deceptive, and misleading representations and means in connection with the collection of any debt.
53. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant falsely represented the amount and the legal status of the debt .
54. Defendant's conduct violated § 1692e(5) by threatening to take action against Plaintiff which could not be legally taken in connection with the debt.
55. Defendant's conduct violated § 1692e(10) in that Defendant employed various false representations and deceptive means in an attempt to collect the debt from Plaintiff.
56. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt .
57. Defendant's conduct violated 15 U.S.C. § 1692f(l) in that Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.
58. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.
59. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Second Cause of Action
## Breach of Contract

60. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs.

61. Defendant breached the agreement when it refused to honor the agreement to work with Plaintiff to satisfy the DMV and when Defendant refused to honor the agreement, saying that Plaintiff would need to pay more.

62. As a result of Defendant's breach of contract, Plaintiff has suffered actual damages in an amount to be determined at trial, plus loss of use and consequential damages in an amount to be determined at trial.

63. Plaintiff is entitled to recover attorneys' fees under NRS 18.010(2)(a) if he recovers less than $20,000.00, as well as under the terms of the contracts.

## Second Cause of Action

## Breach of Implied Contract

64. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

65. "Where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232 (1991).

66. Every contract contains an implied covenant requiring that neither party act to disrupt the other's ability to enjoy the benefit of the bargain. Furthermore, where a contract provides one of the parties with discretion or sole authority to carry out obligations under the agreement for the benefit of the other party, the party enjoying such discretion and authority may not abuse it or exercise it in such a manner so as to deprive the other party of the benefits of the contract.

67. Defendant breached the implied covenant of good faith and fair dealing when it, among other things, refused to honor the agreement to work with Plaintiff to satisfy the DMV and when Defendant refused in bad faith to honor the agreement, saying that Plaintiff would need to pay more.

68. By failing to meet its obligation to in good faith attempt to uphold the intention and spirit of the contract, Defendant breached the implied covenant of good faith and fair dealing.

69. As a direct result of Defendant's breaches of the implied covenant of good faith and fair dealing, Plaintiff suffered damages in an amount to be determined at trial.

70. Defendant's conduct was oppressive, malicious, and fraudulent such that an award of punitive damages is justified in order to punish Defendant and deter others from like conduct.

**Prayer for relief**

71. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages under the FDCPA from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief that this Court deems just and proper.

72. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages under Plaintiff's state law claims from Defendant, as follows:

- Actual damages in an amount to be determined at trial;
- Consequential damages in an amount to be determined at trial;
- Punitive damages in an amount to be determined at trial;
- Attorneys' fees and costs; and
- Any other relief the Court may deem just and proper.

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

## Jury Demand

73. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 30, 2020.

Respectfully submitted,

**KIND LAW**

/s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
*Attorney for Michael Sunder*